**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 1:25-cr-00056-LLA** |
| **v.** | : | |
| | : | |
| **JENNIFER BRUNENKANT,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Jennifer Brunenkant owned Herbal Alternatives II, LLC, a legal marijuana dispensary licensed in the District of Columbia, since 2015.   For many years she earned income from Herbal Alternatives yet failed to pay any federal income tax on those earnings.   And for many years she withheld employment taxes from the paychecks of the employees of Herbal Alternatives yet failed to pay those employment taxes to the Internal Revenue Service ("IRS")."[1] Further, she engaged in affirmative acts of deceit in order to avoid detection.   As a result of her years of deceit and failure to pay her taxes, the defendant caused a loss to the United States of $1,241,340.56.   Adding in interest, as of the date of her sentencing hearing the defendant will owe the United States $1,727,125.60.

The defendant's brazen conduct over a period of many years is serious and demands commensurate punishment.   The government therefore recommends that the Court sentence the defendant to a within-guidelines sentence of 18-24 months of imprisonment, followed by three years of supervised release, to include restitution in the amount of $1,241,340.56, plus interest, to the Internal Revenue Service in payment of taxes due and owing to the United States.[2]   Such a

---

[1] For tax years 2015 and 2016, the defendant filed some of the required Forms 941, Employer's Quarterly Federal Tax Return.   But she stopped filing those forms after the fourth quarter of 2016.

[2] The tax loss from the entire period covered by the parties' plea agreement and statement of

sentence would be sufficient but not greater than necessary to comply with the purposes of sentencing, by reflecting the seriousness of the defendant's offense, and to deter her and others from engaging in such behavior in the future.

## I.    Factual and Procedural Background

As noted in the Statement of Offense (ECF No. 12) and Presentence Investigation Report ("PSR"), at all relevant times, the defendant was the owner of Herbal Alternatives II, LLC, a legal marijuana dispensary licensed in the District of Columbia.   The dispensary became operational in August of 2015.   From that time, and at least through the period covered by the parties' plea agreement—2017 to 2021—the defendant failed to report a single dollar of the income she earned from her business to the IRS.   And during that same period, with minor exceptions in tax years 2015 and 2016, the defendant withheld employment taxes from her employees' paychecks, yet she failed to report or pay over a single dollar of those withheld taxes to the IRS.   The result was that the defendant effectively withheld employment taxes from her employees and then pocketed that money for herself.

To evade detection, the defendant made numerous fraudulent representations in other tax filings and to federal law enforcement.   First, from tax years 2017 to 2021, the defendant filed

---

offense—2017 to 2021—should be included in calculating the defendant's offense level and restitution amount.   *See* U.S.S.G. § 2T1.1 n.2 ("In determining the total tax loss attributable to the offense (see §1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated."); *see also* U.S.S.G. § 1B1.3 (loss is calculated based on all relevant conduct, including charged and uncharged conduct); U.S.S.G. § 2B1.1 n.20 ("The cumulative loss produced by a common scheme or course of conduct should be used in determining the offense level, regardless of the number of counts of conviction."); *cf.* U.S.S.G. § 2B1.1 n.3(B) ("The court need only make a reasonable estimate of the loss … [and] [t]he estimate of the loss shall be based on available information ….").

Forms D-30, Unincorporated Business Franchise Tax Forms, in the District of Columbia for Herbal Alternatives.   On each of those tax returns, the defendant falsely averred, under penalty of perjury, that she had filed federal income tax returns in Kentucky, when in reality she had not filed returns in Kentucky or anywhere else.   Second, the defendant repeated that lie to federal agents when she was interviewed in July 2023, again falsely claiming that she had filed her federal income tax returns and mailed them to Kentucky.

On February 27, 2025, the defendant was indicted with four counts of Attempt to Evade or Defeat Tax, in violation of Title 26, United States Code, Section 7201, twelve counts of Failure to Collect, Account For, and Pay Over Trust Fund Taxes, in violation of Title 26, United States Code, Section 7202, and three counts of Failure to File Return, Supply Information, or Pay Tax, in violation of Title 26, United States Code, Section 7203.   ECF No. 1.   On May 13, 2025, the defendant pleaded guilty under a plea agreement to Count Four of the Indictment, charging Attempt to Evade or Defeat Tax.

As the parties noted in the plea agreement, ECF No. 11 at 1, Attempt to Evade or Defeat Tax carries a maximum sentence of five years of imprisonment; a fine of $100,000; a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II.    U.S. Sentencing Guidelines

In the plea agreement, the parties calculated, and the PSR writer agreed, that the defendant's offense level under the U.S. Sentencing Guidelines ("U.S.S.G.") would be offense level 15 after giving 3 levels of credit for acceptance of responsibility and applying the zero-point offender provision of U.S.S.G. § 4C1.1.   The relevant U.S.S.G. provisions at issue here are:

| U.S.S.G. § 2T1.1(a)(1); 2T4.1(H) | Tax loss between $550k and $1.5M | 20 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| U.S.S.G. § 4C1.1 | Zero-Point Offender | -2 |
| | Total | 15 |

The PSR writer also concluded (and the parties agree) that the defendant has a criminal history score of zero putting her in Criminal History Category I.   At Criminal History Category I and a total offense level of 15, the recommended guideline imprisonment range is 18 to 24 months, with a fine range of $7,500 to $75,000.   These are the guidelines as set forth in the parties' plea agreement.

### III.    The 18 U.S.C. § 3553(a) Factors Support a Sentence of Incarceration

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment.   18 U.S.C. § 3553(a)(2).   The Court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range under the guidelines, any relevant policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims.   18 U.S.C. § 3553(a)(1)-(7).

*First*, as to the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, a relatively short period of incarceration is an appropriate sentence.   The defendant's participation in the tax scheme was not a one-off event nor a crime of opportunity—it was a deliberate concerted offense, committed time after time over many years. And the defendant was able to get away with not paying her taxes to the United States for years at

least in part because of fraudulent representations she made in other District of Columbia tax filings.   As a result of the defendant's knowing and willful failure to pay her taxes, and her efforts to cover up her lack of tax filings, she deprived the United States of more than $1.2 million of tax revenue from 2017 to 2021—now more than $1.7 million with interest.   Considering the length and repeated nature of the defendant's crimes, and the significant loss of revenue to the United States, the requested sentence would reflect the nature, circumstances, and seriousness of the defendant's conduct.

Second, as to the need to promote respect for the law and to deter both the defendant and others from this type of criminal conduct, the requested sentenced would also serve to deter the defendant, specifically, and other would-be tax cheats looking to avoid paying their share of taxes to the United States, generally, from perpetrating similar crimes in the future.   Stealing from the United States through the filing of false tax returns, or the failure to file tax returns, is a serious offense that warrants incarceration in order to promote respect for the law.   The need for deterrence weighs heavily in favor of a sentence of incarceration in this case.   The United States tax system relies on voluntary compliance, and deterrence is an essential means of addressing the ever-increasing amount of money estimated to be lost each year through tax fraud.

Further, given the nature of the defendant's scheme, the detection and investigation of her crimes were not simple endeavors.   Substantial federal resources were necessary to identify the scheme and prove the defendant's crimes.   The degree of resources necessary to detect and prove this type of offense means that the number of such prosecutions is limited, and thus a sentence that carries a general deterrent effect is extremely important.   Indeed, the Sentencing Commission, in

crafting the sentencing guidelines, made special note of the need for deterrence in the context of criminal tax cases:

> Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violation, deterring others from violating tax laws is a primary consideration underlying these guidelines.  Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. Part 2T1 (Introductory Commentary).

In short, a guidelines-compliant sentence will inform other would-be tax offenders that there are consequences to committing tax crimes and that those who steal from the United States will be met with significant and just consequences.

*Third*, regarding the defendant's history and circumstances, she deserves credit for acceptance of responsibility and admitting to her actions through a guilty plea.   However, nothing in the PSR excuses the defendant's behavior or provides a reason to depart from the guidelines or impose a more lenient sentence than the one proposed.   The defendant was raised in a stable household and enjoyed, in her own words, a privileged upbringing.   She is a sophisticated person who graduated from college, obtained a master's degree in business administration, completed her doctorate in qualitative economics, worked professionally for many years, and has owned multiple businesses.

Nor does the government believe that the defendant's health concerns as identified in the PSR are a reason to impose a sentence below the applicable guidelines range.   "Physical condition … may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an *unusual degree and distinguishes the case from the typical cases covered by the guidelines*."   U.S.S.G. § 5H1.4 (emphasis added).   And "[a]n *extraordinary physical impairment* may be a reason to depart

downward; e.g., in the case of a *seriously infirm* defendant, home detention may be as efficient as, and less costly than, imprisonment." *Id.* (emphasis added). The defendant here is only sixty-nine years old and the medical conditions identified in the PSR do not appear to constitute an "extraordinary physical impairment." Nor does the defendant appear to be "seriously infirm."

Individuals much older than the defendant here have been sentenced to much lengthier terms of incarceration, and any medical conditions that the defendant has can be adequately addressed during her period of incarceration. Indeed, the Bureau of Prisons ("BOP") has numerous facilities that are equipped to handle the defendant's medical conditions. As it does for every prisoner, the Court can anticipate that BOP will determine the appropriate placement for the defendant given her sentence, age, and medical conditions. Certainly, it cannot be said that BOP has no facilities that can adequately handle the defendant's medical concerns. Moreover, the defendant's criminal activities place her within Zone D of the sentencing guidelines, and as such, the guidelines suggest that she serve at least the minimum term of imprisonment. *See* U.S.S.G. § 5C1.1(f).

*Finally*, concerning unwarranted sentencing disparities, the principal method to avoid unwarranted sentencing disparities is to apply the Sentencing Guidelines. A sentencing court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" by "correctly calculat[ing] and carefully review[ing] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). "[I]mposing a within-guidelines sentence is the surest way to avoid unwarranted disparities." *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013).

## IV.     Restitution and Payment of Taxes Due and Owing

The government requests that, as a condition of supervised released, the defendant be ordered to pay the United States taxes due and owing in the amount of $1,241,340.56, plus interest, pursuant to 18 U.S.C. § 3663(a)(3).[3]   As part of the plea agreement in this case, the defendant agreed to pay restitution to the IRS resulting from tax losses between tax years 2017 and 2021, plus all applicable interest.   *See* ECF No. 11 at 8-9.   The defendant reserved the right to argue at sentencing for a reduced total amount of income taxes due for tax years 2017 to 2021.   *See id.* at 9.   However, the parties agreed that the total amount of taxes due—and the amount of pre-interest

---

[3] The Court has the authority to order as a condition of supervised release that the defendant pay tax due and owing to the United States Treasury—and the Sentencing Guidelines provide that it "shall" enter such an order.   Section 3563(b)(2) of Title 18 of the United States Code provides that a court may provide, as a condition of probation, that the defendant "make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A))," and section 3583(d) provides that a court may order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate[.]"   Thus, a court may order the payment of restitution for a Title 26 violation as a condition of probation or as a condition of supervised release.   *See, e.g.*, *United States v. Butler*, 297 F.3d 505, 518 (6th Cir. 2002); *United States v. Bok*, 156 F.3d 157, 167 (2d Cir. 1998).

A court's authority to do so is explicitly recognized in the Sentencing Guidelines, which mandate the use of that authority.   *See* U.S.S.G. § 5E1.1(a)(2); *id.* at §5E1.1, comment ("[R]estitution may be imposed as a condition of probation or supervised release").   As explained in *Bok*, U.S.S.G. "Section 5E1.1(a) specifically authorized a trial court to order restitution as a condition of supervised release in all cases, without reference to the limitations in § 3663(a). . . . Revisions to the Guidelines have been even clearer, requiring the trial judge to order restitution as a condition of supervised release or probation where restitution would be available under § 3663(a) but for the fact that the offense is not within the category of offenses listed in the statute."   156 F.3d at 166-67 (citation omitted).

Thus, under § 5E1.1(a)(2), where a court finds that the government has suffered a loss, defendants convicted of tax evasion under Title 26 must be ordered to make restitution as a condition of supervised release.

restitution the defendant promised to pay—would ultimately be between $550,000 and $1,500,000. The amount of employment taxes due for Forms 940 and 941 is not in dispute.

As set forth in the plea agreement, the government maintains that the total amount of tax loss attributable to the defendant for purposes of restitution is $1,241,340.56.   Based on that tax loss amount, and adding in interest, as of the date of her sentencing hearing the defendant will owe the United States $1,727,125.60.   Attached to this sentencing memorandum is a declaration and supporting exhibits from IRS Revenue Agent Bridget Mason explaining the government's tax loss calculations.[4]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should sentence the defendant to a term of 18-24 months of imprisonment, followed by three years of supervised release, and order restitution in the amount of $1,241,340.56, plus interest.   This guidelines sentence is appropriate given all the § 3553(a) factors here.   Such a sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing, and would ensure that the defendant's conduct is not taken lightly.

---

[4] "Bridget Mason" is a pseudonym that this employee is authorized to use in connection with her official duties.   In or around April 2021, Revenue Agent Mason applied for permission from the IRS to use this pseudonym in connection with her work in the IRS's Special Enforcement Program ("SEP").   According to the Internal Revenue Manual ("I.R.M."), which sets forth IRS policies and procedures, "SEP is a specialized compliance program within the Small Business/Self-Employed Operating Division (SB/SE) directed toward that segment of the population which derives substantial income from either legal or illegal activities and intentionally understate their tax liability."   I.R.M. § 4.16.1.1.   SEP employees also assist in the investigation and prosecution of criminal tax cases by, among other things, testifying on behalf of the government as an expert and/or summary witness.   I.R.M. § 4.16.1.2.   The IRS granted Revenue Agent Mason's request, and she has since used her pseudonym in connection with the performance of her duties.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney
for the District of Columbia

By:           */s/ Brian P. Kelly*
BRIAN P. KELLY
D.C. Bar No. 983689
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov